UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No: 1:12-CR-104-003 |
| v. | ) |
| | ) |
| CHARLES REED LARMORE | ) Judge Curtis L. Collier |
| | ) |

**MEMORANDUM & ORDER**

Before the Court is Defendant Charles Reed Larmore's ("Defendant") Motion for Reconsideration of Sentencing based on the disparity in sentences between the Defendant and his codefendant Jerome Sherard (Court File No. 118).

**I. BACKGROUND**

Pursuant to a plea agreement, Defendant pleaded guilty to two counts of Conspiracy to Distribute schedule II, III, and IV substances outside the scope of Professional Practice in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and 21 U.S.C. § 846. Before sentencing, Defendant filed a motion for a variance in which he argued that the Court should vary based on certain 18 U.S.C. 3553(a) considerations, namely, Defendant's history and characteristics (Defendant is older and in poor health), the nature and circumstances of the offense (he was motivated by a misguided desire to alleviate pain), and the fact that he made an early decision to cooperate(Court File No. 585). The government opposed this motion (Court File No. 599).

At sentencing on November 20, 2014, Defendant's offense level was determined to be 37 after the government conceded that the gun enhancement should not be applied and that the

1

safety valve should be applied. He had a criminal history category of 1. The Court awarded Defendant a 4-level departure based on Defendant's substantial assistance to the government leaving him with a base offense level of 33 and a Guidelines range of 135 to 168. The Court denied the motion for a variance.

In codefendant Sherard's sentencing, the Court granted the government's motion for a downward departure pursuant to USSG § 5K1.1 and awarded an 8-level departure. Unlike Defendant, Sherard's cooperation was not described as "lukewarm." Sherard's full cooperation allowed the Government to call him as a witness at trial where he gave valuable testimony regarding the inner workings of the pain clinics. The 8-level departure gave him a base offense level of 29 and a criminal history category of I. His Guidelines range was 87 to 105 months. The Court also granted Sherard's motion for a variance based on 18 U.S.C. § 3553(a)(1), the history and characteristics of the defendant, and sentenced him to 60 months.

## II. DISCUSSION

Title 18 U.S.C. § 3582(c) provides limited circumstances in which a court may alter a Defendant's sentence. Outside of that authority, "there is simply no such thing as a 'motion to reconsider' an otherwise final sentence." *United States v. Dotz*, 455 F.3d 644, 648 (6th Cir. 2006). The only potentially applicable portion of 18 U.S.C. § 3582(c) states that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." § 3582(c)(1)(B). Defendant does not point to, and the Court is not aware of, any statute that would expressly permit reconsideration of the sentence imposed in the present situation. Accordingly, the Court reviews the motion under Rule 35, which states in relevant part that "[w]ithin 14 days after sentencing, the court may

correct a sentence that resulted from arithmetical, technical, or other clear error."[1] The first two grounds are not implicated here.

Even in the Sentencing Guidelines era, sentencing judges must consider the individual background, history, and characteristics of each defendant. This necessarily means that defendants will receive different sentences. What § 3553 forbids is unwarranted sentencing disparities, not sentencing disparities. In considering Defendant's situation, the Court concluded there was no rational reason for Defendant's commission of the offense of conviction. In contrast, his codefendant Sherard was motivated by extreme financial distress, an easily understood motivation. The Court also determined codefendant Sherard's underprivileged upbringing and his broken home were considerations worthy of § 3553 consideration. So although there is disparity between their two sentences, they are not unwarranted. There are also other codefendants to be sentenced and even if it were appropriate to compare individual sentences, these sentences might provide a better gauge to consider disparity.

The Court concludes it has not committed clear error. As the Defendant himself concedes, "[t]he Sixth Circuit likely would not remand this sentence for substantive or procedural unreasonableness" (Court File No. 606). In the absence of such an error, the Court is without authority to modify the sentence imposed.

Accordingly, the Court **DENIES** Defendant's motion (Court File No. 606).

**SO ORDERED**.

**ENTER**:

---

[1] "'[S]entencing' means the oral announcement of the sentence." Fed. R. Crim P. 35(c).

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**